UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN JAMES HILL,

          Plaintiff,

v.

KING COUNTY, *et al.*,

          Defendants.

Case No. C17-0042-RAJ-JPD

ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT-APPOINTED COUNSEL AND EXTENDING PRETRIAL DEADLINES

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's application for court-appointed counsel and on plaintiff's motion for an extension of the pretrial deadlines. The Court, having reviewed plaintiff's requests for relief, defendants' responses thereto, and the balance of the record, hereby ORDERS as follows:

(1) Plaintiff's application for court-appointed counsel (Dkt. 16) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*,

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 1

789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff asserts in his civil rights complaint that defendants have been deliberately indifferent to his serious medical needs by refusing to provide treatment for his swollen and discolored ankles, and by negligently treating his Glaucoma thereby causing permanent vision loss. While plaintiff's allegations are certainly serious, his claims are relatively straightforward and he has demonstrated ample ability to articulate his claims without the assistance of counsel. As for plaintiff's likelihood of success on the merits of his claims, the record is not yet sufficiently developed for this Court to make such a determination. Based on the information available at this juncture, this Court must conclude that plaintiff has not demonstrated his case involves exceptional circumstances which warrant the appointment of counsel.

(2) Plaintiff's motion for an extension of the pretrial deadlines (Dkt. 18) is GRANTED in part. Plaintiff asserts in his motion for extension of time that he is unable to meet the pretrial deadlines previously established by the Court because of his transfer into the custody of the Washington Department of Corrections (DOC) on June 6, 2017, and his lack of access to his legal materials while confined in the DOC reception units. (*Id*. at 2.) Plaintiff asks that the

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 2

deadlines be extended by approximately five months to allow time for him to be transferred to a DOC facility where "meaningful access to his case file is permitted."[1] (Dkt. 18 at 2.)

Defendants, in their response to plaintiff's motion for extension of time, note that plaintiff was transferred to the Stafford Creek Corrections Center on July 17, 2017 where he has had access to his legal work.[2] (Dkt. 21.) Defendants object to the requested five month extension of time, which they deem excessive, but do not object to a reasonable extension of 30 days to account for plaintiff's transfer. The Court agrees that the requested five month extension is excessive, but deems it reasonable to extend the deadlines for approximately the amount of time plaintiff was apparently separated from his legal materials. Accordingly, the discovery deadline is extended to *September 25, 2017*, and the dispositive motion filing deadline is extended to *October 25, 2017*.

(3)  The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Richard A. Jones.

DATED this 8th day of August, 2017.

*/s/ James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

---

[1] On May 15, 2017, this Court issued a Pretrial Scheduling Order in which it established deadlines of August 15, 2017 for the completion of discovery, and September 15, 2017 for the filing of dispositive motions. (*See* Dkt. 14.) Plaintiff asks that the deadlines be extended to January 2018 and February 2018, respectively.

[2] Defendants' counsel filed a declaration in support of defendants' response to plaintiff's motion for extension of time in which she states that plaintiff was transferred to the Stafford Creek Corrections Center on July 7, 2017. (*See* Dkt. 22 at 2.) However, she states in defendants' responsive brief that the date of transfer was July 17, 2017. (*See* Dkt. 21 at 1.) Given that plaintiff appears to have signed his motion for extension of time on July 10, 2017, while still confined in the reception units at the Washington Corrections Center (*see* Dkt. 18 at 1, 3), it appears likely that plaintiff's transfer occurred on July 17, 2017.